UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAINT-GOBAIN CONTAINERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05cv00693 SNL |
| ) | |
| RODNEY KEITH GALE, ALAN M. ) | |
| LOWES, and REBECCA A. LOWES, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendants Rodney Gale and Alan Lowes pled guilty to committing a fraud upon Plaintiff Saint-Gobain Containers. As part of their sentence, the criminal defendants were required to pay restitution to Saint-Gobain, jointly and severally. Saint-Gobain brings this suit against Rodney Gale, Alan Lowes, and Alan's wife, Rebecca Lowes, to recover the amount owed. This matter is before the Court on Defendant Rodney Gale's Motion to Dismiss (#5), Defendant Rebecca Lowes' Motion to Dismiss (#15), and Plaintiff's Motion to Strike (#6). Rodney Gale moves to dismiss the civil suit based on collateral estoppel and for lack of jurisdiction; Rebecca Lowes asserts that all property, including the property held in tenancy by the entirety with Alan Lowes, is protected by bankruptcy discharge; and Saint-Gobain moves to strike both motions for failure to comply with procedural rules. All three Defendants are proceeding *pro se*.

**Factual Background**

Plaintiff operates a glass container manufacturing plant in Pevely, Missouri, and employed Rodney Gale ("Gale") as a supervisor in its manufacturing plant. Plaintiff later hired Alan Lowes ("Lowes") as an independent truck driver to make deliveries of glass cullet to its plant. Gale authored a scheme whereby Lowes received payment for non-existent deliveries of glass cullet. Per this arrangement, Lowes loaded his truck with worthless materials, and obtained weigh tickets from highway weigh stations. Lowes presented the weigh ticket to Gale, who would falsely attest that the truck contained glass cullett. Plaintiff then paid Lowes for this phoney delivery and Gale received thirty percent of the fraudulent payments. Gale and Lowes made approximately four hundred false deliveries from 1998 through 2002, defrauding Plaintiff out of over $400,000.

Lowes and Gale were prosecuted for this fraud in this district, and entered into plea agreements with the government. Each pled guilty to one count of mail fraud. The court imposed an eighteen month prison sentence on Gale, a one year sentence on Lowes, and ordered the parties to pay $473,000 in restitution. Plaintiff brought the instant suit to recover the money owed by Lowes and Gale civilly, rather than through the court ordered restitution payments.

Because Plaintiff has joined Rebecca Lowes ("Rebecca") as a nominal defendant, some of her financial dealings are relevant to this inquiry. Lowes and Rebecca hold title to property in Perryville, Missouri as tenants in the entireties. Plaintiff alleges that Lowes used proceeds from the fraud to make mortgage payments on this property. And in February of 2004, Lowes and Rebecca filed for bankruptcy. The bankruptcy court refused to discharge the debt Lowes owed to Plaintiff, but granted a full discharge to Rebecca. All of Plaintiff's claims against Rebecca were released.

Plaintiff brought this suit on April 29, 2005, seeking a return of the money it lost through Gale and Lowes' fraud. Plaintiff requests that the Court award it $466,948, plus interest and expenses, on theories of theft and conversion as well as fraud and fraudulent misrepresentation. In addition, Plaintiff claims that over $10,000 of the money invested into the Perryville property can be traced to fraudulent funds. Therefore that never became tenancies in the entireties property, but instead had been held in a constructive trust for the Plaintiff.

**Discussion**

In the Motions now before the Court, Gale moves to dismiss based on jurisdictional grounds and collateral estoppel, Rebecca asserts that all property, including that held in tenancy by the entirety with Lowes, is protected by bankruptcy discharge, and Plaintiff moves to strike both Motions to Dismiss on procedural grounds.

**I.      Plaintiff's Motions to Strike**

Plaintiff argues that both Motions to Dismiss should be stricken for failure to comply with Local Rule 4.01(A). The rule requires that each "moving party shall file with each motion a memorandum in support of the motion." E.D. Mo. L.R. 4.01(A). Plaintiff is correct in its assertion that neither Gale nor Rebecca filed a memorandum in support. However, the Court does not find these omissions sufficient to warrant a dismissal of their motions. Gale and Rebecca filed their motions *pro se*. "[C]ourts do and should show a lenience to pro se litigants not enjoyed by those with the benefit of a legal education." *In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073,

1074 (S.D. Ga. 2000) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)). Gale and Rebecca are entitled to some latitude in their compliance with procedural matters. The Court will not strike Defendants' Motions to Dismiss because of their failure to comply with Local Rule 4.01(A).

In addition, Plaintiff argues that the Court should strike Rebecca's Motion to Dismiss for failure to comply with Missouri Supreme Court Rule 74.04. Failure to comply with a state court rule does not create grounds for the dismissal of a motion in a federal court.

**II.     Motions to Dismiss**

A.     <u>Motion to Dismiss Standard</u>

In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir. 1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure: Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* at 122-123. Moreover, a court should not dismiss a complaint unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. Thus, a motion

to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982).

B.     Rodney Gale's Motion to Dismiss

Defendant Gale asserts that Plaintiff's suit should be dismissed on two grounds: lack of jurisdiction and collateral estoppel. The Court will address each argument in turn.

This cause of action was brought to federal court based on diversity jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332(2) requires complete diversity between all plaintiffs and all defendants, and an amount in controversy in excess of $75,000.00. 28 U.S.C. § 1332(2); *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). Plaintiff is a Delaware Corporation with its principal place of business in Indiana, the Defendants are all citizens of Missouri, and the amount in controversy is over $75,000. Therefore, this cause of action is properly before this Court.

Gale also moves to dismiss on a theory of collateral estoppel, claiming that the judgment in his criminal trial bars Plaintiff from seeking civil damages. Collateral estoppel bars suit where: "(1) the party sought to be precluded in the second suit was a party, or privy to a party, in the prior suit; (2) the issue sought to be precluded is the same as the issue involved in the prior action; (3) the issue was actually litigated in the prior action; (4) the issue was determined by a valid and final judgment; and (5) the determination in the prior action was essential to the judgment." *Morse v. Comm'r of Internal Revenue Serv.*, 419 F.3d 829, 834 (8th Cir. 2005). Plaintiff's suit is not estopped. Saint-

Gobain was not a party or privy to a party in the criminal suit. In addition, a criminal prosecution does not bar the injured party from bringing a civil suit for damages incurred. "An order for criminal restitution is not essential to the judgment of conviction against a criminal defendant 'because it [is] not an element of the crime of conviction.'" *Id.* (quoting *Hickman v. Comm'r*, 183 F.3d 535, 538 (9th Cir. 1999)). Therefore, collateral estoppel does not preclude Plaintiff from litigating this issue.

C.   Rebecca Lowes' Motion to Dismiss

Defendant Rebecca Lowes moves to dismiss Plaintiff's charges against her, claiming that all debts owed to Plaintiff were discharged in bankruptcy. Plaintiff admits that Rebecca was relieved of any personal obligation by virtue of her bankruptcy discharge, but insists that the discharge does not affect its claim.

Plaintiff is correct. Although Plaintiff's claims against Rebecca were discharged, its claims against Lowes were not. In its decision, the bankruptcy court stated, that "any injunction this Court has issued or may issue in the future enjoining actions to collect pre-petition debts or claims shall not be applicable to any claim that Saint-Gobain ... may bring in any action against Alan M. Lowes, including action in rem or quasi-in-rem to recover the monies misappropriated from Saint-Gobain by Alan M. Lowes from any property, real, personal or mixed, into which such misappropriated funds can be traced." *In re Lowes*, No. 04-10180 (Bankr. E.D. Mo. Sept. 13, 2004). Because Lowes still owes money to Plaintiff, if the fraudulent funds can be traced to the Lowes' marital home, Plaintiff may be able to attach a lien on their home through constructive trust theories. *See U.S. Fid. & Guar.*

*Co. v. Hiles*, 670 S.W.2d 134 (Mo. App. 1984). Whether Plaintiff has the ability to force a foreclosure of the Lowes' home to obtain those funds is a question for another day.

As a final note, the Court strongly suggests that Defendants retain counsel to protect their interests in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Rodney Gale's Motion to Dismiss (#5), Defendant Rebecca Lowes' Motion to Dismiss (#15), and Plaintiff's Motion to Strike (#6) are all **DENIED**.

Dated this 20th day of March, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE